132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Luis Alberto FIGUEROA-BARRERA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70606, Afk-wux-yrs.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 18, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Luis Alberto Figueroa-Barrera, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. § 1158(a) and § 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a,[1] and we deny the petition.
 
 
 3
 We review the BIA's fact-based determinations, including whether an applicant has adequately demonstrated past or potential future persecution, under the substantial evidence standard. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). To succeed on appeal, a petitioner must show "that the evidence not only supports [reversal], but compels it." INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1 (1992).
 
 
 4
 An applicant may be entitled to asylum if he establishes that he has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A); Acewicz, 984 F.2d at 1061. "[M]ere accedence to military service is not a political statement." Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991).
 
 
 5
 Here, Figueroa-Barrera testified that former members of the military are at risk of persecution by guerrillas because of their participation in the armed struggle. He claimed that after leaving the army, he found a letter outside his house saying he would pay dearly for fighting the guerrillas, and he fled Guatemala the night he returned home to discover his family had been "mistreated" by guerrillas who had come looking for FigueroaBarrera.
 
 
 6
 Because the only asserted basis for the guerrillas' interest in Figueroa-Barrera is his status as a former combatant, we are not compelled to conclude that he was, or would be, persecuted on account of his political opinion, whether actual or imputed. See id.; Elias-Zacarias, 502 U.S. at 481 n. 1.[2]
 
 
 7
 Because Figueroa-Barrera failed to establish past or potential future persecution on account of an impermissible ground, he failed to establish eligibility for asylum. See Acewicz, 984 F.2d at 1061. It follows that he did not satisfy the more stringent standard for withholding of deportation. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252, et seq. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)
 
 
 [2]
 As noted by the BIA, the immigration judge's adverse credibility determination provides an additional basis for denying Figueroa-Barrera's petition